[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff in this case has filed a six count complaint against the defendant. The defendant has moved to strike each of the counts of the complaint with the exception of the first count. CT Page 7329
Essentially the plaintiff alleges that he was hired in October of 1994 as an auto body repair instructor and at the time the defendant knew that the plaintiff did not have a high school degree. The complaint also alleges that when the defendant decided to become ASE certified that it discharged the plaintiff since such certification required that all instructors have a high school degree or a GED The plaintiff was terminated in March of 1996.
The first count of the complaint alleges negligent misrepresentation, specifically, that the defendant negligently failed to disclose that he was not qualified for the job since he did not have his high school degree or a GED The defendant moves to strike this count for the reason that the plaintiff and the defendant did not have a "business, professional or employment relationship" at the time of the alleged negligent misrepresentation as required by D'Ellisse-Cupo v. Board ofDirectors Notre Dame High School, 202 Conn. 206 (1987). Therefore, argues the defendant, no duty existed between the two.
The court does not construe the cause of actions for negligent misrepresentation as narrowly as does the defendant. It is sufficient if the plaintiff alleges reliance on a negligent misrepresentation, to his detriment, at the time of the commencement of the employment relationship.
The third count of the complaint, the plaintiff alleges a cause of action for intentional infliction of emotional distress. The defendant moves to strike this count for the reason that the plaintiff fails to allege those facts which it claims constitute "extreme and outrageous conduct" necessary to maintain such a cause of action. However, the plaintiff has alleged those things which must be alleged and proven in order to maintain this cause of action. See Petyan v. Ellis, 200 Conn. 243, 253 (1986).
As the plaintiff points out, there has been no request to revise filed which would require the plaintiff to specify those acts which it claims were "extreme and outrageous" to the significant extent required to maintain this cause of action. Of course, whether the plaintiff can prove this cause of action us not at issue here and remains to be seen.
As to the fourth and fifth counts, the defendant claims that they should be stricken because the plaintiff has not alleged that but for his learning disability, he was "otherwise CT Page 7330 qualified" for his employment with the defendant. However, in paragraph 6 of those counts the plaintiff does make such an allegation.
If a high school diploma or GED is a requirement for the continued employment of the plaintiff, by the defendant, and thus the defendant claims that he cannot be "otherwise qualified", such claim should be raised via a summary judgment motion in which the court is presented with the factual basis of the claims of the parties as to what the qualifications for such employment would be.
The motion to strike is denied as to counts two, three, four and five, and granted without opposition as to count six.
THOMPSON, J.